UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON M. WALTERS, | No. 2:13-cv-1759-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Brandon M. Walters filed this social security action on August 23, 2013. (ECF No. 1.)[1] The Commissioner of Social Security filed an answer and lodged the administrative transcript on December 9, 2013. (ECF Nos. 10, 11.)

Thereafter, on February 11, 2014, plaintiff's counsel filed a motion to withdraw as counsel for plaintiff. (ECF No. 14.) Plaintiff's counsel indicated that, in her opinion, further pursuit of the action could subject her to sanctions under Federal Rule of Civil Procedure 11. The motion further indicated that plaintiff's counsel had contacted plaintiff by letter and phone concerning the case, plaintiff's counsel's desire to withdraw, and plaintiff's right to retain alternate counsel, but that plaintiff's counsel had received no response from plaintiff. Plaintiff's

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15). Both parties consented to proceed before a United States Magistrate Judge for all further proceedings and entry of final judgment pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7-8.)

1

counsel's efforts to reach plaintiff through the referring counsel, Mr. Steven Skinner, had also been unsuccessful. Plaintiff's counsel served the motion to withdraw on plaintiff and plaintiff's referring counsel by U.S. mail at their last-known addresses.

On February 13, 2014, the court issued an order temporarily suspending the briefing deadlines and requiring plaintiff to file a written response to plaintiff's counsel's motion to withdraw no later than March 13, 2014, indicating whether or not plaintiff consents to withdrawal of plaintiff's counsel, and if not, the reasons therefor. (ECF No. 15.) Alternatively, plaintiff was permitted to file a statement consenting to dismissal of the action without prejudice no later than March 13, 2014. (Id.) Plaintiff was specifically cautioned that failure to file either a written response to the motion to withdraw or a statement of consent to dismissal of the action by the required deadline would be deemed a statement of non-opposition to the motion to withdraw, and would result in a summary grant of the motion to withdraw, leaving plaintiff to proceed in this action without counsel. (Id.) The Clerk of Court served a copy of the order on plaintiff at the last-known address for plaintiff provided by plaintiff's counsel in the proof of service of the motion to withdraw. The Clerk of Court also served a courtesy copy of the order on plaintiff's referring counsel at the address provided by plaintiff's counsel in the proof of service of the motion to withdraw. Plaintiff's counsel subsequently filed a proof of service indicating that she had also caused the court's February 13, 2014 order to be served on plaintiff by certified mail and on plaintiff's referring counsel by regular U.S. mail on February 19, 2014. (ECF No. 17.)

Subsequently, on March 18, 2014, after plaintiff failed to file any response to the motion to withdraw in accordance with the court's order, the court granted the motion to withdraw. (ECF No. 18.) Because plaintiff was left to proceed without counsel, the court granted plaintiff an approximately 60-day period to obtain new counsel, if he so desired, and file his motion for summary judgment. (Id.) In particular, plaintiff was ordered to file his motion for summary judgment, whether represented by counsel or proceeding without counsel, no later than May 19, 2014. (Id.) The court specifically cautioned plaintiff that failure to file a motion for summary judgment by the required deadline would result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). (Id.) Although the May 19, 2014 deadline has now passed, plaintiff

failed to file a motion for summary judgment or even request a further extension of time in order to do so.[2]

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

---

[2] The court's records show that the court's February 13, 2014 order (ECF No. 15) and March 18, 2014 order (ECF No. 18) were subsequently returned to the court as undeliverable, suggesting that plaintiff now longer resides at the address of record, which was provided by plaintiff's former counsel as plaintiff's last known address. Regardless, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address of record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the public's interest in expeditious resolution of litigation and the court's need to manage its docket clearly militate in favor of dismissal of this already-delayed case, in which plaintiff has failed to respond to the court's orders. Additionally, the Commissioner should not be compelled to keep defending a case that plaintiff has apparently abandoned. Furthermore, the court finds that less drastic alternatives to dismissal are not available. The court has already granted plaintiff a 60-day extension to file a motion for summary judgment, which plaintiff has not done, despite the court's clear warning of the consequences, including potential dismissal of the action. The imposition of monetary sanctions would likely be futile, because plaintiff is proceeding *in forma pauperis*, claims to have no income or savings at all (ECF No. 2), and is thus unlikely to be able to pay any monetary sanctions. Based on the present record, the court is also unable to frame any other type of evidentiary or issue sanctions. Finally, although the court is cognizant of the public policy favoring disposition of cases on their merits, and consistent with

that policy would prefer that this case be resolved on the merits, the court finds that this factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to keep track of the case and comply with court orders that precludes a resolution on the merits.

Therefore, the court dismisses the action. Nevertheless, in light of plaintiff's *pro se* status and the fact that the court's orders were returned as undeliverable (suggesting that plaintiff, although reasonably deemed to have received notice by the Local Rules, may not have had actual notice of the court's orders), the court concludes that dismissal should be without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).
2. The Clerk of Court is directed to vacate all dates and close this case.

IT IS SO ORDERED.

Dated: May 29, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE